UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS ERNESTO PEREZ-QUEVEDO,

    Movant,

v.                                                                                       Case No. 8:23-cv-2994-WFJ-SPF
                                                                                      Crim. Case No. 8:18-cr-31-WFJ-SPF

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Luis Perez-Quevedo moves to vacate his sentence under 28 U.S.C. § 2255. (cv Doc. 1). He raises one ground for relief—that the Court erred in denying him a two-level "minor role" reduction to his guidelines offense level. (*Id.* at 2-4). Upon careful review, the motion is **DENIED**. *See* Rule 4(b), Rules Governing Section 2255 Cases ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

Mr. Perez-Quevedo pled guilty without a plea agreement to (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine on a vessel subject to the jurisdiction of the United States, and (2) conspiracy to import five kilograms or more of cocaine into the United States. (cr Doc. 263 at 7, 13-14). The charges stemmed from Mr. Perez-Quevedo's "role in an international cocaine-smuggling operation that utilized self-

propelled semi-submersible [] vessels to transport large quantities of cocaine from Colombia to Mexico—with the ultimate goal of getting the drugs into the United States." *United States v. Perez-Quevedo*, No. 21-14021, 2022 WL 18005650, at *1 (11th Cir. Dec. 30, 2022).

During the sentencing hearing, Mr. Perez-Quevedo argued that he was entitled to a two-level decrease in his offense level because he was a "minor participant" in the criminal activity. (cr Doc. 264 at 58, 61). The Court found that Mr. Perez-Quevedo did not qualify as a minor participant under U.S.S.G. § 3B1.2(b) and thus rejected his request for a role adjustment.[1] (*Id.* at 61-62). The Court ultimately sentenced Mr. Perez-Quevedo to 210 months' imprisonment—the bottom of his guidelines range. (*Id.* at 63, 68-69).

Mr. Perez-Quevedo appealed, arguing that "the district court erred during sentencing by (1) denying him a 'minor role' adjustment and (2) failing to address the factors related to the 'minor role' adjustment." *Perez-Quevedo*, 2022 WL 18005650, at *1. The Eleventh Circuit rejected both arguments. It concluded that this Court "did not fail to consider the relevant role determination factors nor clearly err in ruling that [Mr.] Perez-Quevedo did not qualify for a 'minor participant' role reduction." *Id.* at *5. The Eleventh Circuit thus affirmed Mr. Perez-Quevedo's sentence. *Id.*

---

[1] The Court explained that, although there were "indeed people that [were] superior to [Mr. Perez-Quevedo] in this conspiracy," there were "many, many people that [were] inferior," including "the dozen or so or 20 poor saps that rode these boats." (cr Doc. 264 at 61-62). The Court also noted that Mr. Perez-Quevedo "was involved in the construction of four . . . massive semi-submersibles," "was trusted by the boss to look after the boss's family when the boss was traveling," and "was a driver or the taxi cab driver in a taxi fleet of one for the underboss who happens to be the brother of the main boss." (*Id.* at 62).

In his § 2255 motion, Mr. Perez-Quevedo once again challenges the denial of the minor-role reduction. He argues that, in rejecting his request for a "minor participant role adjustment," the Court "misapplied" the law and "made a decision unsupported by the record." (cv Doc. 1 at 2). As relief, Mr. Perez-Quevedo "requests to set aside and correct the sentence by applying the [two]-level reduction for minor participant." (*Id.* at 4).

Mr. Perez-Quevedo's motion lacks merit. "It is long settled that a prisoner is procedurally barred from raising arguments in a motion to vacate his sentence, 28 U.S.C. § 2255, that he already raised and that [the circuit court] rejected in his direct appeal." *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014) (collecting cases); *see also United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under [§] 2255."). On direct appeal, Mr. Perez-Quevedo raised the same claim that he seeks to assert in his § 2255 motion—namely, that the Court erred in denying him a minor-role reduction. Because the Eleventh Circuit considered and rejected this argument on direct appeal, Mr. Perez-Quevedo is procedurally barred from reasserting it on collateral review. *See United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981) ("This Court is not required on § 2255 motions to reconsider claims of error raised and disposed of on direct appeal.").

Even if the claim were not procedurally barred, Mr. Perez-Quevedo's challenge to the denial of a minor-role reduction would still fail because it is not cognizable under § 2255. "Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014). "When a

prisoner . . . alleges that his 'sentence was imposed in violation of the . . . laws of the United States . . . or is otherwise subject to collateral attack,' 28 U.S.C. § 2255(a), a district court lacks the authority to review the alleged error unless the claimed error constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* A "complete miscarriage of justice" arises when (1) the defendant is sentenced above the statutory maximum; (2) the defendant is "actually innocent"; or (3) a prior conviction that was used to enhance the defendant's sentence has since been vacated. *Id.* at 1139 ("When a federal prisoner, sentenced below the statutory maximum, complains of a sentencing error and does not prove either actual innocence of his crime or the vacatur of a prior conviction, the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice.").

Mr. Perez-Quevedo raises a claim of sentencing error—specifically, that the Court erred in denying him a minor-role reduction. That alleged error did not result in a "complete miscarriage of justice" because (1) Mr. Perez-Quevedo's sentence of 210 months in prison was below the statutory maximum of life imprisonment, *see* 46 U.S.C. § 70506(b), 21 U.S.C. § 960(b)(1)(B)(ii); (2) he makes no showing of actual innocence; and (3) his sentence was not enhanced by a now-vacated conviction. Thus, the sole claim in Mr. Perez-Quevedo's motion is not cognizable under § 2255. *See Chin v. United States*, No. 2:14-cr-135-SPC-MRM, 2020 WL 3833461, at *5 (M.D. Fla. July 8, 2020) ("[Section] 2255 is not the proper vehicle to bring a freestanding claim for guideline miscalculations because such claims do not typically render the movant's detention unlawful.").

For these reasons, Mr. Perez-Quevedo's motion to vacate under § 2255 (cv Doc. 1) is **DENIED**. The Clerk is directed to enter judgment in favor of Respondent and against Mr. Perez-Quevedo and to **CLOSE** this case. Because Mr. Perez-Quevedo fails to make "a substantial showing of the denial of a constitutional right," a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2).

**DONE** and **ORDERED** in Tampa, Florida, on January 3, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE