UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS ERNESTO PEREZ-QUEVEDO,

    Movant,

v.                                                      Case No. 8:23-cv-2994-WFJ-SPF
                                                       Crim. Case No. 8:18-cr-31-WFJ-SPF

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court on Luis Perez-Quevedo's motion for reconsideration. (cv Doc. 4). On January 3, 2024, the Court denied Mr. Perez-Quevedo's motion to vacate his sentence under 28 U.S.C. § 2255. (cv Doc. 2). Mr. Perez-Quevedo had raised a single ground for relief—that the Court erred in denying him a two-level "minor role" reduction to his guidelines offense level. (cv Doc. 1 at 2-4). The Court denied the § 2255 motion because (1) "the Eleventh Circuit considered and rejected [Mr. Perez-Quevedo's] argument on direct appeal" and thus he was "procedurally barred from reasserting it on collateral review"; and (2) regardless of the procedural bar, Mr. Perez-Quevedo's claim of sentencing error was "not cognizable under § 2255" because he could not show that the denial of a minor-role reduction resulted in a "complete miscarriage of justice." (cv Doc. 2 at 3-4).

Mr. Perez-Quevedo now moves for reconsideration of the denial of his § 2255 motion. (cv Doc. 4). The Court liberally construes the motion as seeking relief under Federal Rule of Civil Procedure 59(e). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). The decision to alter or amend a judgment under Rule 59(e) is at the district court's discretion. *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343.

Reconsideration is unwarranted. Mr. Perez-Quevedo points out that "a claim of guidelines miscalculation" can be raised under § 2255. (cv Doc. 4 at 1). But, as the Court explained to Mr. Perez-Quevedo, a defendant cannot prevail on such a claim unless he establishes that the alleged error caused a "complete miscarriage of justice." (cv Doc. 2 at 4). That, in turn, requires a showing that (1) the defendant was sentenced above the statutory maximum; (2) the defendant is "actually innocent"; or (3) a prior conviction that was used to enhance the defendant's sentence has since been vacated. *Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014). Mr. Perez-Quevedo fails to satisfy this "demanding standard." *Id.* In any event, Mr. Perez-Quevedo does not challenge this Court's alternative holding that his claim is procedurally barred because the Eleventh Circuit considered and rejected it on direct appeal.

Next, Mr. Perez-Quevedo contends that the Court "should have construed" his § 2255 motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241. (cv Doc. 4 at

1). This argument lacks merit. "A prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence." *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1089 (11th Cir. 2017). Mr. Perez-Quevedo does not challenge the execution of his sentence. Instead, he attacks its validity. Where, as here, "a prisoner's claim merely challenges the validity of his sentence, he cannot proceed under § 2241 because he could raise this claim in a § 2255 motion." *Williams v. Warden, FCC Coleman*, 803 F. App'x 324, 326 (11th Cir. 2020). Regardless, any § 2241 petition would need to be filed in the district where Mr. Perez-Quevedo is incarcerated—that is, the United States District Court for the Eastern District of Texas. *See Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) (stating that a § 2241 petition "may be brought only in the district court for the district in which the inmate is incarcerated").

Accordingly, Mr. Perez-Quevedo's motion for reconsideration, (cv Doc. 4), is **DENIED**. Because Mr. Perez-Quevedo fails to make "a substantial showing of the denial of a constitutional right," a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2).

**DONE** and **ORDERED** in Tampa, Florida, on February 7, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE